Amy F. Sorenson (8947)
John A. Wirthlin (14847)
SNELL & WILMER L.L.P.
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah  84101
Telephone:  801.257.1900
Facsimile:  801.257.1800
Email:  asorenson@swlaw.com
            jwirthlin@swlaw.com

*Attorneys for Defendants EN Corp USA,*
*Victor Enriquez, and Enrique Garcia*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BMF ADVANCE, LLC, a New York limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>LITISCAPE, LLC, an Arizona limited liability company; ENCORP, LLC, an alleged limited liability company; EN CORP USA, a Texas corporation; JOSEPH H. INC. a foreign corporation; MICHAEL KAMALU, an individual; JOSEPH AZULAY, an individual; ENRIQUE GARCIA, an individual; VICTOR ENRIQUEZ, an individual; and DOES 1-10,<br><br>Defendants. | **DEFENDANTS EN CORP USA, ENRIQUE GARCIA, AND VICTOR ENRIQUEZ'S MOTION TO DISMISS THE COMPLAINT**<br><br>Civil No.:  2:21-cv-00103-CMR<br><br>Magistrate Judge Cecilia Romero<br><br>**Oral Argument Requested** |

Pursuant to Rules 8 and 12(b)(2) and (b)(6) of the Federal Rules of Civil Procedure and

DUCivR 7-1(a), Defendants EN Corp USA ("EN Corp"), Victor Enriquez ("Enriquez"), and

Enrique Garcia ("Garcia") (collectively "EN Corp Defendants"), through counsel, hereby move to

dismiss the Complaint filed by Plaintiff BMF Advance, LLC ("BMF" or "Plaintiff").

## SUMMARY

Plaintiff seeks approximately $1.8 million by means of a purported unjust enrichment claim to recover funds that it claims to have contributed towards the proposed purchase of six million (6,000,000) boxes of nitrile gloves, valued at over $60 million. Obviously, a transaction of this size did not take place without written agreements, and it in fact involved several contracts that Plaintiff's "unjust enrichment" claim apparently would rather avoid.[1] Understandably, these agreements confer specific contractual rights that call into question Plaintiff's standing and ability to maintain an equitable, quasi-contractual unjust enrichment claim.

The EN Corp Defendants had no interactions with Plaintiff related to this transaction, and Plaintiff does not properly allege any. Instead, EN Corp worked directly with co-Defendants Litiscape, LLC ("Litiscape") and Michael Kamalu ("Kamalu") to coordinate the procurement of the gloves from a Vietnam-based supplier and manage logistics. In addition to this failing, any funds that EN Corp received related to this transaction were transferred from Litiscape, not from Plaintiff. As a result, Plaintiff's pleading does not establish that the EN Corp Defendants had any knowledge or appreciation that Plaintiff deposited the missing funds for the transaction, and, other than the conclusory, boilerplate allgeations, makes no effort to plead any basis to for the imposition

---

[1] In their recently filed crossclaims, the co-Defendants referenced at least five (5) separate substantive written agreements related to this transaction that are not specifically alleged in the Complaint. (*See* Dkt. 20, Joseph H, Inc. and Joseph Azulay's Answer and Crossclaim, ¶¶ 14-16, 42-48; Dkt. 21, Defendants and Crossclaim Plaintiffs Litiscape, LLC and Michael Kamalu's Answer and Crossclaim, p. 9, ¶¶ 12-14, 22, 29). Should the Court grant this motion and Plaintiff seeks leave to amend, these various written agreements should be included in the amended pleading so that the Defendants can respond with the benefit of the full details of the transaction.

of personal liability against Garcia and Enriquez, separate and apart from their roles as EN Corp's principals.

Moreover, Enriquez and Garcia are employed by EN Corp and responsible for corporate management, and, at all relevant times related to this transaction, acted on behalf of EN Corp, and not in their individual capacities. And as set forth in their Declarations submitted herewith, they have no ties to the State of Utah such that they could not have had any reasonable expectation of being haled into court in this jurisdiction.

Accordingly, the EN Corp Defendants respectfully request that this Court dismiss the Complaint (i) for lack of personal jurisdiction against Enriquez and Garcia, and (ii) for failure to state a claim for unjust enrichment against all EN Corp Defendants.

## STATEMENT OF UNDISPUTED FACTS

1. In or about June 2020, the parties became aware of or directly involved with a series of transactions related to the purchase and resale of six million (6,000,000) boxes of nitrile gloves (the "Transaction"). (*See* Compl., ¶¶ 16-19).[2]

2. The Transaction was consisted of the following:

    a. Litiscape worked with EN Corp to purchase the gloves from the supplier and handle logistics;

    b. Joseph H, Inc. ("JHI") would purchase the gloves from Litiscape and resell them for a profit;

---

[2] The facts set forth herein are taken from Plaintiff's Complaint and assumed to be undisputed for purposes of this motion only.

       c.      JHI and non-party Fundigo, LLC ("Fundigo")[3] entered into an agreement wherein Fundigo would fund the purchase of the gloves in exchange for a share of the profits when the gloves were resold; and

       d.      Plaintiff BMF loaned Fundigo $3 million to fund the purchase of the gloves, and Fundigo would repay the loan and also share some of its resale profits with Plaintiff.

(*Id.*, ¶¶ 16-19, 33).

3.      In or about July 2020, Plaintiff deposited $3 million into the trust account of Clark Business Law located in Utah. (*Id.*, ¶ 20).

4.      Plaintiff and Fundigo authorized $1.8 million of the funds that were held in trust to be released directly to the logistics company to cover certain freight and delivery costs (the "Missing Funds"). (*Id.*, ¶¶ 21-24).

5.      Allegedly unbeknownst to Plaintiff, the Missing Funds were released to Litiscape based on certain alleged misrepresentations by Litiscape, Kamalu, JHI, and Joseph Azulay. (*Id.*, ¶¶ 25-32).

6.      Litiscape and Kamalu represented to Plaintiff that they transferred a portion of the Missing Funds to "Encorp, Garcia, and/or Enriquez." (*Id.*, ¶¶ 33, 40).

7.      The Transaction eventually fell through — the gloves were never shipped, the logistics company was not paid, and Plaintiff alleges that the Missing Funds were not transferred back to the trust account, Fundigo, or Plaintiff despite Plaintiff's and Fundigo's demands. (*Id.*, ¶¶

---

[3] Upon information and belief, Plaintiff incorrectly spelled the entity's name as "Fundygo LLC." (*See* Compl., ¶ 17).

4

37-44).[4]

8.   Litiscape and Kamalu represented to Plaintiff that the EN Corp Defendants refused to return any portion of the Missing Funds. (*Id.*, ¶ 41).

9.   Plaintiff alleges that Litiscape, Kamalu, and the EN Corp Defendants retained the Missing Funds. (*Id.*, ¶¶ 33-35, 40-41).

## **LEGAL STANDARD**

To satisfy Rule 8 and survive a motion to dismiss, a complaint must contain sufficient factual allegations which, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a motion to dismiss, the court assumes the truth of well-pleaded allegations, but disregards conclusory statements of law. *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). "Legal conclusions and opinions are not accepted, even if couched as facts." *Garth O. Green Entrps., Inc. v. Harward*, No. 2:15-cv-00556, 2017 WL 1184024, at *2 (D. Utah Mar. 29, 2017). This is because "[s]atisfying the basic pleading requirements of the federal rules 'demands more than the unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). "'Naked assertions devoid of further factual enhancement' do not state a claim sufficiently to survive a motion to dismiss." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

---

[4] Plaintiff did not name Fundigo as a party to this action (despite having direct recourse against it for repayment under those parties' $3 million loan agreement), but instead seeks damages for unjust enrichment against parties with whom Plaintiff has no direct relationship. (*Id.*, ¶¶ 16-19, 45-48).

In considering a motion to dismiss, a district court not only considers the complaint, but also the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

## ARGUMENT

### A. The Court Should Dismiss the Complaint As To Enriquez and Garcia Because Personal Jurisdiction Is Lacking As to Them.

Plaintiff bears the burden of a *prima facie* showing that the Court has jurisdiction over Enriquez and Garcia. *See Kindig It Design, Inc. v. Creative Controls, Inc.*, 157 F. Supp. 3d 1167, 1172 (D. Utah 2016). Plaintiff failed to meet this burden because (i) it did not plead any material facts establishing any nexus between Enriquez and Garcia and Utah, and (ii) based on their Declarations, Plaintiff cannot cure its pleading deficiency because there is no viable basis for even a *prima facie* showing of specific personal jurisdiction over Garcia and Enriquez in Utah.

#### 1. Plaintiff's Complaint Is Devoid of Any Material Facts Establishing Personal Jurisdiction Over Enriquez and Garcia.

Plaintiff's Complaint makes almost no attempt to establish personal jurisdiction over Enriquez and Garcia. *See Celtig, LLC v. Patey*, 347 F. Supp. 3d 976, 982 (D. Utah 2018) (explaining that a "plaintiff makes th[e] prima facie showing [to establish personal jurisdiction] 'by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant'. . . The court must accept as true well-pleaded allegations in the plaintiff's complaint so long as they are not contradicted by an affidavit.") (citing *Melea, Ltd. v.*

*Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007)).

Instead, Plaintiff's complaint contains only the conclusory, boilerplate recitation that Enriquez and Garcia (i) "conduct regular and systematic business in Utah," (ii) "have sufficient contacts with Utah such that [] they would reasonably anticipate being haled into Utah . . . [and] would not offend traditional notions of fair play and substantial justice," and (iii) "engaged in tortious, inequitable, or otherwise wrongful conduct with respect to the funds BMF deposited with Clark Law in Utah . . . by accessing and obtaining those funds from Utah . . . ." (Compl., ¶ 13(f)). No detail supporting this mechanical recitation of the elements of jurisdictional legal standards is pleaded.

Of course, in order to overcome a motion to dismiss, a plaintiff's personal jurisdiction allegations must be based on specific, well-pleaded facts. *See First Mortg. Corp. v. State St. Bank & Tr. Co.*, 173 F. Supp. 2d 1167, 1170 (D. Utah 2001) (finding the court lacked personal jurisdiction and explained that jurisdiction must be based on "well-pleaded facts in the complaint or in supporting affidavits."). Plaintiff does not allege any direct connection between Enriquez and Garcia, individually, and the Missing Funds that were transferred from the Utah-based Clark Business Law's trust account, nor that Enriquez and Garcia knew that the Missing Funds originated from an account in Utah, nor plead any actions by Enriquez or Garcia as to the Missing Funds whatsoever. (*See* Compl., ¶¶ 33, 40-41); *Bathcrest, Inc. v. Safeway Safety Step, Inc.*, 417 F. Supp. 2d 1236, 1239 (D. Utah 2006) (stating that in order to establish personal jurisdiction over a nonresident defendant, "a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment.'") (quoting *Soma Med. Int'l v. Standard Chartered Bank,* 196 F.3d 1292,

7

1295 (10th Cir. 1999)).

Instead, Plaintiff only alleges that the EN Corp Defendants received a portion of the Missing Funds from Litiscape (an Arizona entity), and that Litiscape and Kamalu represented to Plaintiff that the EN Corp Defendants received all or a portion of the Missing Funds and they refused to return the Missing Funds.  (*See* Compl., ¶¶ 33, 40-41).  These allegations are not sufficient to establish jurisdiction over Enriquez and Garcia because it does not show that Enriquez and Garcia purposely availed themselves of this forum.  *See Bathcrest*, 417 F. Supp. 2d at 1239.  Because Plaintiff did not plead sufficient facts establishing personal jurisdiction over Enriquez and Garcia, the Court should dismiss the Complaint as to them.

> **2.      Plaintiff Cannot Cure Its Pleading Deficiency Because Enriquez and Garcia Do Not Have Sufficient Minimum Contacts to Establish Personal Jurisdiction in Utah.**

When determining whether a court in Utah may exercise personal jurisdiction over a non-resident defendant, a three-step analysis is required: first, the court must determine (1) whether Utah's long-arm statute confers personal jurisdiction; (2) the "nexus" between the plaintiff's claims and the defendant's actions, and, (3) whether the exercise of personal jurisdiction under the statute would deprive the defendant of due process under the Fourteenth Amendment to the United States Constitution.  *See First Mortg. Corp.*, 173 F. Supp. 2d at 1173; UTAH CODE ANN. § 78B-3-205.

Where Utah's long-arm statute supports personal jurisdiction to the fullest extent constitutionally permitted, due process principles govern the jurisdictional inquiry.  *See* UTAH CODE ANN. § 78B-3-201(3) ("The provisions of this part, to ensure maximum protection to citizens of this state, should be applied so as to assert jurisdiction over nonresident defendants to the fullest

extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution"); *ClearOne Communications, Inc. v. Bowers*, 643 F.3d 735, 763 (10th Cir. 2011); *see also Starways, Inc. v. Curry*, 980 P.2d 204, 206 (Utah 1999) (stating that the "'Utah long-arm statute must be extended to the fullest extent allowed by due process of law'") (citing *Synergetics v. Marathon Ranching Co. Ltd.,* 701 P.2d 1106, 1110 (Utah 1985)).

To satisfy the constitutional requirement, the defendant must have sufficient "minimum contacts" with the forum state such that "the case does not offend traditional due process concerns of fair play and substantial justice." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998) (citing *Internat'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)). Thus, the inquiry into this constitutional issue turns on consideration of whether the defendant should reasonably anticipate being haled into court in the forum state. *Id.* The "minimum contacts" standard may be met by a finding of either (i) general jurisdiction or (ii) specific jurisdiction. *Id.* at 1090-91.

      a.    **General Jurisdiction Does Not Exist Over Enriquez and Garcia in Utah.**

Here, the allegations in the Complaint and Enriquez's and Garcia's Declarations clearly establish that there is no basis for general jurisdiction because they have not engaged in substantial and continuous activities in Utah. *See id.* (explaining that "[b]ecause general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's 'continuous and systematic general business contacts.'") (citing *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996)); Declaration of Victor Enriquez dated March 25, 2021 ("Enriquez Declaration"), at ¶¶ 10-15, a copy of which is attached as **Exhibit 1**; Declaration of Enrique Garcia dated March 25, 2021

("Garcia Declaration"), at ¶¶ 10-15, a copy of which is attached as **Exhibit 2**.[5] Indeed, Plaintiff's only allegations are its conclusory jurisdictional statements, which are insufficient as a matter of law. (*See* Compl., at ¶ 13(f)); *OMI Holdings,* 149 F.3d at 1091.

> **b. Specific Jurisdiction Over Enriquez and Garcia Also Does Not Exist Because They Have Do Not Have Sufficient Minimum Contacts with Utah.**

Next, with respect to specific personal jurisdiction, minimum contacts are established "if the defendant purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). "[T]here [must] be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State" based on "the quantity and quality of Defendant's contacts with [the forum state] . . . ." *Id*. at 475. "The salient factors that together indicate purposeful direction are: intentional action, expressly aimed at the forum state, with knowledge that the brunt of the injury would be felt in the forum state." *Rockwood Select Asset Fund XI (6)-1, LLC v. Devine, Millimet & Branch*, 2:13-CV-44 TS, 2013 WL 3831242 at *2 (D. Utah July 23, 2013), *aff'd*, 750 F.3d 1178 (10th Cir. 2014).

Because Enriquez and Garcia have been sued in their individual capacities, Plaintiff must establish personal jurisdiction based on their individual contacts with Utah, not any (although none are alleged) arising out of their roles as principals of EN Corp. (*See* Compl., at ¶¶ 9-10); *Celtig*, 347 F. Supp. 3d at 984; *Proficio Bank v. Wire Source, LLC*, No. 2:11-CV-808, 2012 WL 1448207,

---

[5] *Nova Mud Corp. v. Fletcher*, 648 F. Supp. 1123, 1124 (D. Utah 1986) ("Case authority clearly recognizes that under Rule 12(b)(2) of the Fed. R. Civ. P. the court may, in its discretion, proceed as to the issue of personal jurisdiction on affidavits alone, or it may permit discovery, or it may hold an evidentiary hearing").

Case 2:21-cv-00103-DBB-DBP   Document 22   Filed 03/25/21   PageID.291   Page 11 of 20

at *3 (D. Utah Apr. 26, 2012) (explaining that "an employee was not shielded from jurisdiction simply because her actions were undertaken as a corporate officer.  Rather, the court may continue to exercise jurisdiction over such an employee *provided that jurisdiction is based on that employee's individual contacts with the forum state*.") (citing *Rusakiewicz v. Lowe,* 556 F.3d 1095 (10th Cir .2009) (emphasis added).

Plaintiff's only jurisdictional tie to Enriquez and Garcia, individually, is the conclusory allegation described herein, that they (i) "conduct regular and systematic business in Utah," (ii) "have sufficient contacts with Utah such that [] they would reasonably anticipate being haled into Utah . . . [and] would not offend traditional notions of fair play and substantial justice," and (iii) "engaged in tortious, inequitable, or otherwise wrongful conduct with respect to the funds BMF deposited with Clark Law in Utah . . . by accessing and obtaining those funds from Utah . . . ." (Compl., ¶ 13(f)).  Such allegations wholly fail to differentiate between their conduct in their individual capacity versus their actions as EN Corp's principals, and are almost identical to the boilerplate legal jurisdictional allegations directed to EN Corp in any event.  (*Id.*, ¶¶ 13(b) & 13(f)).

In fact, any involvement with this transaction was done solely in their capacities as principals of EN Corp, not in their individual capacities, and they do not otherwise have any connection to Utah.  (*See* Enriquez Declaration, ¶¶ 2-15; Garcia Declaration, ¶¶ 2-15) (explaining that they had no personal involvement with the transaction separate and apart from their duties as principals of EN Corp, and they have no real estate, bank accounts, or other interests in property in Utah, and have never been to Utah).  On these facts, Enriquez and Garcia have not "purposefully availed" themselves of this forum, and their actions such as they have been alleged are insufficient to support personal jurisdiction.  *See Burger King*, 471 U.S. at 475.

To the extent that Plaintiff asserts that Enriquez and Garcia are subject to jurisdiction in this Court because they allegedly caused injury in Utah, this argument too should be rejected. "[T]he mere foreseeability of causing injury in another state 'is not a sufficient benchmark for exercising personal jurisdiction.'" *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1534 (10th Cir. 1996) (citing *Burger King*, 471 U.S at 474). Rather, "[t]here [must] be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Id*.

Likewise, the fact that Plaintiff pleads that it may have been economically impacted in Utah, without more, is insufficient to establish personal jurisdiction. *See Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1079 (10th Cir. 1995) ("The mere allegation that an out-of-state defendant has tortiously interfered with contractual rights or has committed other business torts that have allegedly injured a forum resident does not necessarily establish that the defendant possesses the constitutionally required minimum contacts. Instead, in order to resolve the jurisdictional question, a court must undertake a particularized inquiry as to the extent to which the defendant has purposefully availed itself of the benefits of the forum's laws.").

    **c.    Requiring Enriquez and Garcia to Litigate in Utah Would Violate Their Due Process Rights.**

Even if the Court determines that Enriquez and Garcia have the necessary minimum contacts with Utah, which they do not, the assertion of jurisdiction over Enriquez and Garcia would "offend traditional notions of fair play and substantial justice." *Int'l Shoe*, 66 S. Ct. at 158. The analysis requires the weighing of five factors: "(1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution

of controversies, and (5) the shared interest of the several states in furthering fundamental social policies." *Pro Axess, Inc. v. Orlux Distrib., Inc.*, 428 F.3d 1270, 1279–80 (10th Cir. 2005). In applying these factors to this case, the interests of fair play and substantial justice weigh against forcing Enriquez and Garcia to litigate this action in Utah.

### 1. The Burden on Enriquez and Garcia of Litigating in Utah is Substantial.

"The burden on the defendant of litigating the case in a foreign forum is of primary concern in determining the reasonableness of personal jurisdiction . . . ." *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1061 (10th Cir. 2008) (quoting *OMI Holdings,* 149 F.3d at 1091). It would be burdensome for Enriquez and Garcia to litigate in Utah because they have virtually no connection to Utah such that there was no reasonable expectation that they would ever be haled into a Utah court, and they live, work and oversee EN Corp's operations in Texas. (*See* Enriquez Declaration, ¶¶ 2-3, 10-15; Garcia Declaration, ¶¶ 2-3, 10-15).

### 2. The Forum State's Interest in Adjudicating the Dispute.

Utah's interest in this dispute is also weak. While it is true that "[s]tates have an important interest in providing a forum in which their residents can seek redress for injuries caused by out-of-state actors[,]" this interest is tempered where the defendants have minimal contacts with the forum. *AST Sports Sci.*, 514 F.3d at 1062 (internal quotation marks omitted). Here, there is no meaningful nexus between Enriquez and Garcia and Utah related to their alleged misconduct, other than Plaintiff's conclusory allegations. (*See* Compl., ¶ 13(f), 45(e)); *see also Trierweiler*, 90 F.3d at 1534 ("The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction as the result of another party's unilateral acts.").

### 3. Plaintiff's Interest in Convenient and Effective Relief.

This factor "hinges on whether the plaintiff may receive convenient and effective relief in another forum." *AST Sports Sci.*, 514 F.3d at 1062. When applying this factor, courts note that it "may weigh heavily in cases where a Plaintiff's chances of recovery will be greatly diminished by forcing [it] to litigate in another forum because of that forum's laws or because the burden may be so overwhelming as to practically foreclose pursuit of the lawsuit." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1163 (10th Cir. 2010).

This factor weighs in favor of Enriquez and Garcia because Plaintiff may continue to seek recovery of the Missing Funds through this action against EN Corp and the other co-Defendants, and Plaintiff has not alleged any facts indicating that Enriquez and Garcia are subject to any personal, individual liability to justify another lawsuit against them, here or anywhere else.

### 4. The Interstate Judicial System's Interest in Efficiency.

This factor considers whether Utah is "the most efficient place to litigate the dispute." *AST Sports Sci.*, 514 F.3d at 1062. "Key to this inquiry are the location of the witnesses, where the wrong underlying the lawsuit occurred, what forum's substantive law governs the case, and whether jurisdiction is necessary to prevent piecemeal litigation." *Bartile Roofs*, 618 F.3d at 1163 (citing *TH Agric. & Nutrition, LLC v. Ace European Grp. Ltd.*, 488 F.3d 1282, 1296 (10th Cir. 2007)).

Plaintiff (a New York company) sued a Utah citizen, an Arizona limited liability company, a Texas company, two individual citizens of Texas, and a Canadian corporation and citizen. (*See* Compl., ¶¶ 1-2, 4, 6-8). This array of citizenship necessarily means that many of the witnesses and documents relating to these allegations will be located outside of Utah. Moreover, Plaintiff

offers no basis for Utah to provide the governing law. Indeed, the only connection to Utah at all is the fact that the Missing Funds were deposited with a Utah law firm's trust account — and yet Plaintiff has declined to sue the Utah law firm (in addition to failing to sue the company to whom it loaned the funds). Accordingly, this factor also weighs in favor of this Court declining to exercise jurisdiction over Enriquez and Garcia.

### 5. Utah's Interest in Substantive Social Policies.

This factor "focuses on whether the exercise of personal jurisdiction . . . affects the substantive social policy interests of other states." *AST Sports Sci.*, 514 F.3d at 1062. This factor also weighs in favor of Enriquez and Garcia because litigation of this action in Utah will not advance any fundamental substantive social policy. In fact, it has not been established that Utah law even applies to this dispute. Thus, Utah has no genuine interest in any fundamental substantive social policy involved in the dispute.

In sum, the Court should dismiss the Complaint as to Enriquez and Garcia because they do not have sufficient minimum contacts with Utah to confer personal jurisdiction, and Plaintiff cannot cure its pleading deficiencies, such that granting leave to amend would be futile. *FlexSim Software Prod., Inc. v. Simio, LLC*, No. 2:16-CV-00820-TC, 2017 WL 6276265, at *4 (D. Utah Mar. 15, 2017) (explaining that the Court can deny a request for leave to amend as futile if the proposed amendment cannot establish specific personal jurisdiction).

### B. The Court Should Dismiss the Complaint Because Plaintiff Fails to State a Claim for Unjust Enrichment.

As the Court is aware, the elements of a claim for unjust enrichment are: "(1) a benefit conferred on one person by another; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention by the conferee of the benefit under such circumstances

15

as to make it inequitable for the conferee to retain the benefit without payment of its value." *Concrete Prod. Co., a Div. of Gibbons & Reed v. Salt Lake Cty.*, 734 P.2d 910, 911 (Utah 1987) (citing *Berrett v. Stevens,* 690 P.2d 553, 557 (Utah 1984)).  Additionally, to survive a motion to dismiss, Plaintiff's unjust enrichment claim "must contain sufficient matter, accepted as true, to state a claim to relief that is plausible on its face.'" *See Ashcroft*, 556 U.S. at 678.

First, Plaintiff did not allege or otherwise show "an appreciation or knowledge by the [the EN Corp Defendants] of the benefit" conferred by Plaintiff relating to the Missing Funds.  *See Concrete Prod.*, 734 P.2d at 911.  Plaintiff only alleges that (i) "Litiscape and Kamalu assert that they passed most of the Missing Funds on to Encorp, Garcia, and/or Enriquez," (ii) "Litiscape and Kamalu have represented that they have spoken to Encorp, Garcia, and Enriquez and they have acknowledged receipt of all or a portion of the Missing Funds," and (iii) the EN Corp Defendants "received a substantial portion of the Missing Funds and has retained them despite the fact that either the Alleged Transaction fell through and/or was never legitimate in the first place." (*See* Compl., ¶¶ 33, 40, 45).  Under these facts, the EN Corp Defendants' involvement was limited to its interactions with Litiscape and Kamalu, so there is nothing in the Complaint to demonstrate that the EN Corp Defendants knew or appreciated that the Missing Funds that the EN Corp Defendants allegedly obtained were from Plaintiff, as opposed to Litiscape. (*Id*.); *see also Spence v. Basic Rsch.*, No. 2:16-CV-925-CW, 2017 WL 2416913, at *6 (D. Utah June 2, 2017) ("Without demonstrating that the parties appreciated any benefit she may have conferred, Plaintiff cannot prove a cause of action for unjust enrichment.")

Second, and as set forth above, Plaintiff did not allege the non-existence of any valid contract, but instead alleged a $3 million loan to Fundigo, which entity Plaintiff declined to name

in this action. (*See* Compl., ¶¶ 18-19); *ClearOne, Inc. v. RSM US LLP*, No. 2:16-CV-00736-DN, 2017 WL 923949, at *11 (D. Utah Mar. 6, 2017) (dismissing the plaintiff's equitable claims for estoppel and unjust enrichment by failing "to allege the *non-existence* of a valid contract.") (emphasis in original); *Arnson v. My Investing Place L.L.C.*, No. 2:12-CV-865, 2013 WL 5724048, at *6 (D. Utah Oct. 21, 2013) ("Because the Plaintiffs fail to establish that an adequate remedy at law does not exist and fail to plead an essential element of their claim, the court [dismisses] their cause of action for unjust enrichment.").

Third, Plaintiff violates basic pleading requirements by lumping "[EN Corp], Garcia, and/or Enriquez" together such that the EN Corp Defendants cannot decipher which allegations are attributed to a which party. (*See* Compl., ¶ 33). *See Sposi v. Santa Clara City, Utah*, No. 2:17-cv-1057-CW, 2018 WL 1578038, at *1 (D. Utah Mar. 27, 2018) ("Pleadings are meant to provide a party fair notice about the nature of a claim."); *United States v. Bush*, 70 F.3d 557, 562 (10th Cir. 1995) ("The government's decision to use the conjunction 'and/or' in the indictment adds a great deal of uncertainty to this case. Such vague language is strongly disfavored").

For example, by inserting "and/or," Plaintiff is alleging that either all of the EN Corp Defendants or perhaps only EN Corp received "most of the Missing Funds." (*See* Compl., ¶ 33); *see Godsey v. Mitchell*, No. CIV-20-870-F, 2021 WL 681623, at *7 (W.D. Okla. Feb. 22, 2021) (explaining that ". . . the 'and/or' references in the First Amended Complaint do not allow 'the court to draw the reasonable inference that [Wood, in his individual capacity] is liable for the misconduct alleged' . . . The "or" reference can mean that the City rather than Wood in his individual capacity failed to train, failed to supervise, or had a policy or custom which violated Michael's constitutional rights. . . . 'The plausibility standard ... asks for more than a sheer

possibility that a defendant has acted unlawfully.'") (citing *Ashcroft*, 556 U.S. at 678).  This distinction is particularly important in this case because Plaintiff is alleging that Garcia's and Enriquez's alleged conduct was so wrongful that "that it would be unfair and prejudicial to observe the corporate form."  (Compl., ¶ 45(e)).  Without allegations as to which of EN Corp Defendants took what action as to the Missing Funds from Litiscape, they cannot properly respond to Plaintiff's allegations and the claim fails to satisfy Rule 8's most basic pleading requirements.

Lastly, and relatedly, Plaintiff fails to allege any material facts demonstrating a basis for liability against Garcia and Enriquez in their individual capacities.  In fact, Plaintiff's only allegation is stated in the following, conclusory fashion: "Garcia and Enriquez, upon information and belief, received a portion of the Missing Funds either in their own name or through [EN Corp] . . . [and] Garcia and Enriquez purported to act through [EN Corp] and there exists such a unity of interest and operations between them that it would be unfair and prejudicial to observe the corporate form."  (*Id.*, ¶ 45(e)).

However, "[f]or the court to disregard the corporate form, [the] complaint must plead a concurrence of two circumstances: (1) there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, *viz.*, the corporation is, in fact, the alter ego of one or a few individuals; and (2) the observance of the corporate form would sanction a fraud, promote injustice, or an inequitable result would follow." *Salazar v. Thrifty Nickel Inc.*, 2002 WL 362693 (Utah Ct. App. 2003) (citing *Norman v. Murray First Thrift & Loan Co.*, 596 P.2d 1028, 1030 (Utah 1979)); *U.S. Cybertronics, Inc. v. Monarch Int'l Holdings, Inc.*, No. 2:05-CV-48 TS, 2005 WL 8177209, at *1 (D. Utah Aug. 15, 2005) (dismissing complaint for failing to allege facts sufficient to pierce the corporate veil and explaining that "[t]he Court

pays particular attention to those actions attributed to the defendants acting in their individual capacities and those attributed to their corporate agent/employee capacities."). Because Plaintiff failed to plead any basis that might support piercing of the corporate form here, and did not otherwise allege any facts related to Garcia and Enriquez in their individual capacities, the Court, at minimum, should dismiss Plaintiff's claim against Garcia and Enriquez.

## CONCLUSION

For the foregoing reasons, the EN Corp Defendants respectfully request that this Court dismiss the Complaint for (i) for lack of personal jurisdiction against Enriquez and Garcia, and (ii) for failure to state claim for unjust enrichment against all EN Corp Defendants.

DATED:  March 25, 2021.

**SNELL & WILMER L.L.P.**

*/s/ John A. Wirthlin*

Amy F. Sorenson
John A. Wirthlin

*Attorneys for Defendants EN Corp USA,
Victor Enriquez, and Enrique Garcia*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March, 2021, I electronically filed and served a true and correct copy of the foregoing **DEFENDANTS EN CORP USA, ENRIQUE GARCIA, AND VICTOR ENRIQUEZ'S MOTION TO DISMISS THE COMPLAINT** upon the counsel of record via the Court's CM/ECF system.

                                                                               */s/ John A. Wirthlin*

4828-8820-2210.5