THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| BMF ADVANCE, LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>LITISCAPE, LLC; ENCORP, LLC; EN CORP USA; JOSEPH H, INC.; MICHAEL KAMALU; JOSEPH AZULAY; ENRIQUE GARCIA; VICTOR ENRIQUEZ; and DOES 1–10.<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [22] DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 2:21-cv-00103-DBB<br><br>District Judge David Barlow |

Plaintiff BMF Advance, LLC brought this suit for unjust enrichment against defendants Litiscape, LLC; Encorp, LLC, EN Corp USA; Joseph H, Inc.; Michael Kamalu; Joseph Azulay; Enrique Garcia; Victor Enriquez; and Does 1–10.[1] EN Corp, Enriquez, and Garcia (the EN Corp parties) moved to dismiss on the basis that this court does not have personal jurisdiction over Enriquez and Garcia and that BMF failed to state a claim for unjust enrichment.[2] Because BMF has not shown that this court has personal jurisdiction over Garcia and Enriquez and because BMF fails to state a claim for unjust enrichment, Defendants' Motion to Dismiss is GRANTED.

---

[1] *See* Complaint at ¶¶ 44–48, ECF No. 2-1, filed Feb. 22, 2021.
[2] *See* Defendants EN Corp USA, Enrique Garcia, and Victor Enriquez's Motion to Dismiss the Complaint ("Motion to Dismiss") at 3, ECF No. 22, filed Mar. 25, 2021.

## BACKGROUND

Plaintiff BMF Advance, a New York LLC, alleges that in 2020 it entered into an agreement to participate in the purchase of six million boxes of nitrile gloves from Vietnam.[3] In funding the transaction, BMF deposited three million dollars into the custody of Clark Law, a Utah law firm.[4] It alleges that defendants Joseph H. Inc., Michael Kamalu, Joseph Azulay, and Litiscape, LLC asserted that they needed $1.8 million to pay freight charges for the gloves, but instead released those funds from the account in Utah to Litiscape.[5] BMF further alleges that Litiscape and Kamalu claim that they passed most of the $1.8 million on to defendants EN Corp, Enrique Garcia, and Victor Enriquez.[6] Finally, BMF alleges that "Litiscape and Kamalu claim that Encorp, Garcia, and Enriquez have refused to return any portion of the Missing Funds."[7]

BMF brought this suit against Litiscape, EN Corp, Joseph H, Kamalu, Azulay, Garcia, and Enriquez in Utah state court for unjust enrichment.[8] The EN Corp parties removed to federal court.[9] Now, defendants Garcia and Enriquez move to dismiss the complaint on the basis that this court does not have personal jurisdiction over them.[10] Additionally, the EN Corp parties move to dismiss the claim for unjust enrichment on the basis that the complaint fails to state a claim for unjust enrichment.[11]

---

[3] *See* Complaint at ¶¶ 16–19.
[4] *Id.* ¶¶ 19–20.
[5] *Id.* ¶¶ 21–26.
[6] *Id.* ¶ 33.
[7] *Id.* ¶ 41.
[8] *Id.* ¶¶ 44–48.
[9] *See* Notice of Removal at 1, ECF No. 2, filed Feb. 22, 2021.
[10] *See* Motion to Dismiss at 3.
[11] *Id.* at 2.

## STANDARD

Dismissal is warranted under Federal Rule of Civil Procedure 12(b)(2) if the court lacks personal jurisdiction over a defendant.[12] A plaintiff has the burden of showing that the court has personal jurisdiction over a defendant, but when there has been no evidentiary hearing on jurisdiction, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat a motion to dismiss.[13] The court must resolve all factual disputes in favor of the plaintiff regarding that prima facie showing and must treat well-pleaded factual allegations in the complaint as true, unless they are disputed by a declaration.[14]

Additionally, dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[15] Each cause of action must be supported by sufficient, well-pleaded facts to be plausible on its face.[16] In reviewing a complaint on a Rule 12(b)(6) motion to dismiss, the court accepts all well-pleaded ("that is plausible, non-conclusory, and non-speculative")[17] facts as true and draws all reasonable inferences from the pleadings in favor of the nonmoving party.[18] But the court disregards "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation[s]" of the law.[19]

---

[12] Fed. R. Civ. P. 12(b)(2).
[13] *Benton v. Cameco Corp.*, 375 F.3d 1070, 1074 (10th Cir. 2004).
[14] *Id.*
[15] Fed. R. Civ. P. 12(b)(6).
[16] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[17] *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 836 (10th Cir. 2020) (quoting *Dudnikov v. Chalk & Vermilion Fine Arts Co.*, 514 F.3d 10w63, 1070 (10th Cir. 2008)).
[18] *Wasatch Equality v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 (10th Cir. 2016).
[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).

## DISCUSSION

### I. BMF has not demonstrated that this court has personal jurisdiction over Enriquez and Garcia.

First, the court considers if it has personal jurisdiction over Enriquez and Garcia in their personal capacities. "The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to a judgment of its courts."[20] Utah's long-arm statute extends "jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment. . . ."[21] Thus, the personal jurisdiction analysis here is a single due process inquiry.[22]

Due process requires that the defendant "purposefully established minimum contacts within the forum state" and that the "assertion of personal jurisdiction would comport with 'fair play and substantial justice.'"[23] The minimum contacts test for specific personal jurisdiction requires: first, that the defendant has purposefully directed its activities at residents of the forum state; and second, that the plaintiff's injuries arose out of the defendant's forum-related activities.[24]

The purposeful direction requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, . . . or of the unilateral activity of another party or a third person."[25] Three frameworks courts use to determine whether

---

[20] *Walden v. Fiore*, 571 U.S. 277, 283 (2014).
[21] Utah Code Ann. § 78B-3-201(3).
[22] *See Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017).
[23] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)).
[24] *Old Republic*, 877 F.3d at 904. Although the complaint alleges that Garcia and Enriquez "conduct regular and systematic business in Utah," Complaint ¶ 13(f)(i), this conclusory statement without supporting factual allegations is insufficient to establish that courts in Utah have general jurisdiction over Garcia or Enriquez.
[25] *Burger King*, 471 U.S. at 475 (internal quotations and citations omitted).

an out-of-state defendant's activities satisfy the purposeful direction requirement are "(1) continuing relationships with forum state residents ('continuing relationships'); (2) deliberate exploitation of the forum state market ('market exploitation'); and (3) harmful effects in the forum state ('harmful effects')."[26] While an out-of-state defendant's direct communications with forum-state residents provide "some evidence suggesting purposeful direction,"[27] "phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts."[28] Furthermore, personal jurisdiction over an individual who acted on behalf of a company must be based on individual contacts with the forum state, not any acts on behalf of a company.[29]

      Here, BMF alleges personal jurisdiction over Enriquez and Garcia because they "engaged in tortious, inequitable, or otherwise wrongful conduct with respect to the funds BMF deposited with Clark Law in Utah . . . by accessing and obtaining those funds from Utah—and knew or should have known that the effects of [their] conduct would justify this Court's exercise of jurisdiction over Garcia and Enriquez."[30] In short, BMF does not allege that Enriquez or Garcia had continuing relationships with residents of Utah or that they deliberately exploited the markets in Utah, but rather that they participated in tortious conduct that had harmful effects in Utah.

      To establish personal jurisdiction based on "effects" felt within the state, the Tenth Circuit requires three elements: "(a) an intentional action . . ., that was (b) expressly aimed at the

---

[26] *Old Republic*, 877 F.3d at 905.
[27] *Id.*
[28] *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995).
[29] *See Celtig, LLC v. Patey*, 347 F. Supp. 3d 976, 983–84 (D. Utah 2018). A court may have personal jurisdiction over a defendant if the lawsuit is predicated on the defendant's personal acts, not his status as a corporate officer, and the defendant had individual contacts with the forum state. *See Rusakiewicz v. Lowe*, 556 F.3d 1095, 1102–03 (10th Cir. 2009).
[30] Complaint at ¶ 13(f)(iii).

forum state . . ., with (c) knowledge that the brunt of the injury would be felt in the forum state."[31] Thus, in order to determine if this court has personal jurisdiction over Enriquez and Garcia, the court must consider whether the allegations in the complaint make a prima facie showing that satisfies the three elements above.

BMF makes the following allegations with respect to Enriquez and Garcia's contacts with Utah.[32] First, it alleges that Defendants Litiscape and Kamalu fraudulently transferred $1.8 million in funds from an account in Utah and "passed most of the Missing Funds on to Encorp, Garcia, and/or Enriquez."[33] Next, it alleges that "Litiscape and Kamalu have represented that they have spoken to Encorp, Garcia, and Enriquez and that they have acknowledged receipt of all or a portion of the Missing Funds."[34] Finally, it alleges that "Encorp, Garcia, and Enriquez have refused to return any portion of the missing funds."[35]

Taken together, these allegations do not satisfy the requirements for purposeful direction for Garcia and Enriquez. First, out of all the allegations, the only allegation that Garcia and Enriquez took an intentional material action is the allegation that they now refuse to return any portion of the missing funds. The other allegations are merely allegations that *other* parties took intentional actions, such as the allegations that Litiscape and Kamalu fraudulently withdrew funds or transferred the funds to EN Corp, Garcia, and Enriquez. Furthermore, BMF has not

---

[31] *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 907–08 (10th Cir. 2017) (quoting *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1072 (10th Cir. 2008)).
[32] For the purposes of this analysis, the court disregards the conclusory allegations in ¶ 13(f) of the complaint that Garcia and Enriquez "conduct regular and systematic business in Utah," that they "have sufficient contacts in Utah [to satisfy the test for specific personal jurisdiction," and that they "engaged in tortious, inequitable, or otherwise wrongful conduct with respect to the funds BMF deposited with Clark Law in Utah . . . and knew or should have known that the effects of [their] conduct would justify this Court's exercise of jurisdiction over [them]." Complaint at ¶ 13(f).
[33] *Id.* ¶ 33.
[34] *Id.* ¶ 40.
[35] *Id.* ¶ 41.

shown that the only alleged intentional action that Enriquez and Garcia took, refusing to return any of the missing funds, was intentionally aimed at the forum state. Although the funds were held in Utah,[36] the ultimate allegation is that the funds came from BMF, which is a New York LLC.[37] Given that BMF is a New York LLC that claims ownership of the missing funds, it seems that the brunt of the injury of the alleged refusal to return any missing funds would fall in New York, not Utah. BMF has not carried its burden to make a prima facie showing that Enriquez and Garcia purposefully directed their conduct involving the funds at Utah.

BMF's only remaining argument as to why Enriquez and Garcia have minimum contacts with Utah is that Enriquez and Garcia engaged in a series of emails with a law office in Utah regarding a Zoom meeting about the deal between EN Corp, Litiscape, and BMF.[38] BMF argues that "Garcia communicated directly with Carl Clark [located in Utah] regarding other funds on deposit with his firm"[39] and that "Kamalu forwarded Garcia an email from [a banker with a signature block clearly disclosing that he was in Utah]."[40] Of course, the fact that a Utah resident forwarded an email to Garcia is not evidence that Garcia (or Enriquez) purposefully directed his own conduct at Utah. BMF also provides an email from Enriquez to the Utah law firm that is part of a larger email chain about a Zoom meeting between the EN Corp parties, the Utah law firm, and Kamalu.[41] Although direct communications with forum-state residents provide "some evidence" suggesting purposeful direction,[42] BMF only provides one email chain with messages

---

[36] *Id.* ¶ 13.
[37] *Id.* ¶ 1.
[38] Memorandum in Opposition to Encorp Parties' Motion to Dismiss ("Opposition") at 20–21, ECF No. 65, filed Jan. 7, 2022.
[39] *Id.* at 20.
[40] *Id.* at 21.
[41] *See* ECF No. 65-2 at 2–9.
[42] *Old Rep. Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 905 (10th Cir. 2017).

sent from Enriquez regarding a Zoom meeting that would include, among other parties, a Utah resident.[43] Such evidence is not enough to demonstrate that Enriquez or Garcia acted intentionally, directed their conduct at the forum state, and did so with knowledge that the brunt of the harm would be felt in the forum state.[44] BMF has not shown that this court has personal jurisdiction over Enriquez and Garcia; thus, the claims against them are dismissed without prejudice.

### II. BMF fails to state a claim for unjust enrichment because it fails to allege that it has inadequate remedy at law.

Unjust enrichment requires that a plaintiff show: "(1) a benefit conferred . . .; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention [of the benefit] by the conferee . . . under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value."[45] Furthermore, unjust enrichment is designed to provide an equitable remedy, and may only be invoked when "'no express contract is present' that governs the remedies available to an injured party."[46]

EN Corp makes two arguments as to why BMF fails to state a claim for unjust enrichment. First, EN Corp argues that BMF failed to state a claim because it "did not allege or otherwise show 'an appreciation or knowledge by the [EN Corp Defendants] of the benefit' conferred by Plaintiff relating to the missing funds."[47] Essentially, EN Corp argues that "the EN

---

[43] *See* ECF No. 65-2 at 2–9.
[44] *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 907–08 (10th Cir. 2017) (quoting *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1072 (10th Cir. 2008).
[45] *U.S. Fidelity v. U.S. Sports Specialty*, 270 P.3d 464, 468 (Utah 2012) (quoting *Rawlings v. Rawlings*, 240 P.3d 754, 763 (Utah 2010)).
[46] *Id.* ("To allow such a cause of action in the face of an enforceable contract governing the parties' rights would effectively add or modify terms for which they had not bargained.").
[47] Motion to Dismiss at 16.

Corp Defendants' involvement was limited to its interactions with Litiscape and Kamalu, so there is nothing in the Complaint to demonstrate that the EN Corp Defendants knew or appreciated that the Missing Funds that the EN Corp Defendants allegedly obtained were from Plaintiff, as opposed to Litiscape."[48] But to plead a claim for unjust enrichment, BMF need not allege that EN Corp knew that the benefit it received came from BMF—it is sufficient under Utah law for BMF to plead that EN Corp had "an appreciation or knowledge . . . of the benefit."[49] Thus, BMF only needs to plead that EN Corp had knowledge of the benefit it received to sustain a claim for unjust enrichment. Here, it alleges that Litiscape and Kamalu wrongfully withdrew $1.8 million from an account and "passed most of the Missing Funds on to Encorp, Garcia, and/or Enriquez."[50] BMF further alleges that "Encorp, Garcia, and Enriquez have refused to return any portion of the missing funds."[51] And, as BMF has noted, even if the EN Corp defendants did not know the precise source of the benefit originally, the filing of the lawsuit put them on notice. Drawing reasonable inferences in the light most favorable to the plaintiff, these factual allegations make it plausible that EN Corp had knowledge of the $1.8 million that it received. This is sufficient at this stage to sustain a claim for unjust enrichment.

      EN Corp cites to one case, *Spence v. Basic Research*, for the proposition that a party must plead that a defendant appreciated the benefit that the plaintiff personally conferred to state a claim for unjust enrichment.[52] There, this court dismissed an unjust enrichment claim in part because the plaintiff in a putative class-action lawsuit had not alleged that the defendant

---

[48] *Id.*
[49] *Concrete Prods. Co. v. Salt Lake Cty.*, 7341 P.2d 910, 911 (Utah 1987).
[50] Complaint at ¶ 33.
[51] *Id.* ¶ 41.
[52] *Spence v. Basic Research.*, No. 2:16-cv-925-CW, 2017 WL 2416913, at *6 (D. Utah June 2, 2017).

9

manufacturer "was aware of her purchase or the revenue it generated."[53] In contrast, here BMF has plausibly alleged that EN Corp was aware of the portion of $1.8 million that it received. Whereas the "benefit received" in *Spence* was a small purchase in a sea of sales by a manufacturer, here the benefit received is a one-time, large transaction of hundreds of thousands of dollars. BMF plausibly alleges that EN Corp had knowledge of or appreciated this benefit.

EN Corp's second argument is that BMF failed to state a claim for unjust enrichment because it "did not allege the non-existence of any valid contract."[54] Unjust enrichment is designed to provide an equitable remedy where one does not exist at law and may only be invoked "when no express contract is present."[55]

"[W]hen seeking an equitable remedy, a plaintiff must affirmatively show a lack of an adequate remedy at law on the face of the pleading."[56] Here, BMF fails to allege in the complaint that it lacks an adequate remedy at law.[57] It may well be that BMF intended to imply that there was no adequate remedy at law by stating only one claim for unjust enrichment, but Utah law requires that the complaint "affirmatively show a lack of an adequate remedy at law" on its face.[58] Thus, to state a claim for unjust enrichment, the complaint must contain some kind of averment that BMF lacks an adequate remedy at law, whether it states so expressly or in some other clear way (e.g., by stating that no valid contract exists). Because the complaint does not

---

[53] *Id.*
[54] Motion to Dismiss at 16.
[55] *U.S. Fidelity v. U.S. Sports Specialty*, 270 P.3d 464, 468 (Utah 2012).
[56] *Arnson v. My Investing Place L.L.C.*, No. 2:21-cv-865, 2013 WL 5724048, at *6 (D. Utah Oct. 21, 2013) (quoting *Thorpe v. Washington City*, 243 P.3d 500, 507 (Utah Ct. App. 2010)).
[57] *See* Complaint at ¶¶ 44–48.
[58] *Thorpe*, 243 P.3d at 507 (quoting *Ockey v. Lehmer*, 189 P.3d 51, 61 n.42 (Utah 2008))

include such an averment, the motion to dismiss the unjust enrichment claim against EN Corp is granted. The claim is dismissed without prejudice.

## ORDER

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED. The claims against Enriquez, Garcia, and EN Corp are dismissed without prejudice. BMF is granted leave to amend its complaint within 30 days of this order.[59]

Signed: May 2, 2022.

BY THE COURT

_____
David Barlow
United States District Judge

---

[59] Unrelatedly, if it files an amended complaint, BMF Advance, LLC is instructed plead the citizenship of each of its members. "[F]or entities other than corporations," the court's "diversity jurisdiction in a suit by or against [an] entity depends on the citizenship of . . . each of its members." *Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1523 (10th Cir. 1991).